### Ex parte Jesse CHADDOCK, Applicant.

### No. AP–76,547.

Court of Criminal Appeals of Texas.

June 27, 2012.

---

Kenneth Nash, State Counsel of Offenders, Huntsville, for Appellant.

Grace E. Shin, Asst. D.A., Dallas, Lisa C. McMinn, State's Attorney, Austin, for State.

## OPINION

PRICE, J., announced the judgment of the Court and delivered an opinion in which KELLER, P.J., and MEYERS and JOHNSON, JJ., joined.

This is a post-conviction application for writ of habeas corpus brought under Article 11.07 of the Texas Code of Criminal Procedure.[1] The applicant challenges his conviction for aggravated assault on the grounds that it was the product of a successive prosecution following a judgment of conviction for a greater-inclusive offense, in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.[2]

On December 10, 2004, in cause number F–0485746–K, the applicant was indicted for the offense of engaging in organized criminal activity. The indictment alleged that, on July 26, 2004, as a member of a criminal street gang, he committed aggravated assault "by intentionally, knowingly, and recklessly causing serious bodily injury to DAVID CUNNIFF by striking DAVID CUNNIFF to and against the floor … and by striking DAVID CUN-NIFF with [his] hand[.]" Also on December 10, 2004, the applicant was indicted for aggravated assault, in cause number F–0401705–RE. This indictment also alleged that, on July 26, 2004, the applicant committed aggravated assault by "intentionally, knowingly, and recklessly causing serious bodily injury to DAVID CUNNIFF by striking DAVID CUNNIFF to and against

the floor … and by striking DAVID CUNNIFF with [his] hand[.]" The only difference in the two indictments is that in cause number F–0485746–K, the applicant is alleged to have committed the assault "as a member of a criminal street gang."

On April 6, 2005, after a jury trial, the applicant was convicted in cause number F–0485746–K, the engaging-in-organized-criminal-activity offense and sentenced to nineteen years' imprisonment and a $10,000 fine. On May 26, 2005, he pled guilty and was convicted in cause number F–0401705–RE, the aggravated assault offense, and sentenced to ten years' confinement. The applicant now contends that his conviction for the aggravated assault offense in cause number F–0401705–RE should be set aside because his prosecution for that offense, after he was convicted of the greater-inclusive offense in cause number F–0485746–K, violated the Fifth Amendment prohibition against being "subject for the same offence to be twice put in jeopardy of life or limb[.]"[3] We agree.

The Double Jeopardy Clause, enforceable against the states through the Fourteenth Amendment,[4] protects against repeated prosecutions for the same offense (whether following conviction or acquittal at the conclusion of the first prosecution) and against multiple punishments for the same offense stemming from a single prosecution.[5] Whether conduct that is alleged to violate two distinct statutory provisions can be punished or prosecuted more than once for double jeopardy purposes is ordinarily determined by application of the so-called *Blockburger* test: "whether each

1. TEX.CODE CRIM. PROC. art. 11.07.

2. U.S. CONST. amend. V.

3. *Id.*

4. *Benton v. Maryland*, 395 U.S. 784, 793, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

5. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

provision requires proof of a fact which the other does not."[6] Lesser-included offenses typically do not pass muster under the *Blockburger* test because the elements of the lesser offense are wholly subsumed by the elements of the greater offense; a defendant ordinarily may not be punished or tried twice for a greater-inclusive and a lesser-included offense without violating double jeopardy.[7]

 Nevertheless, in *Missouri v. Hunter*,[8] the Supreme Court made clear that the protections against multiple punishments and successive prosecutions are not invariably co-extensive; at least "[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."[9] In *Hunter*, the Supreme Court tolerated multiple punishments imposed at the conclusion of a single prosecution for two infractions that were admittedly the "same offense" under the standard for "sameness" articulated in *Blockburger*,[10] holding that, "[w]here, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger*, ... the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial."[11] We have often recognized this difference in scope.[12] Accordingly, in *Garza v. State*, we held that a defendant who had been indicted both for engaging in organized criminal activity by committing capital murder and also for the underlying capital murder itself could be punished at the conclusion of a single prosecution for both offenses, notwithstanding that they constituted the "same" offense in contemplation of *Blockburger*.[13] We held that the Legislature manifested its intention that an accused be *punished* for both offenses in Section 71.03(3) of the Penal Code.[14] But we expressly reserved the question "whether this provision may operate constitutionally to authorize multiple *prosecutions* for the same offense as determined by a *Blockburger* analysis, since that question is not before us in this particular case."[15] Today we are squarely presented with the question.

**6.** *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

**7.** *See Brown v. Ohio*, 432 U.S. 161, 168, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) (applying *Blockburger* to hold that a "greater offense is ... by definition the 'same' for purposes of double jeopardy as any lesser offense included in it").

**8.** 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).

**9.** *Id.* at 366, 103 S.Ct. 673.

**10.** 284 U.S. at 304, 52 S.Ct. 180.

**11.** *Hunter, supra,* at 368–69, 103 S.Ct. 673.

**12.** *Ex parte Amador*, 326 S.W.3d 202, 205 (Tex.Crim.App.2010); *Gonzales v. State*, 304 S.W.3d 838, 845 (Tex.Crim.App.2010); *Litt-rell v. State*, 271 S.W.3d 273, 275–76 & n. 10 (Tex.Crim.App.2008); *Villanueva v. State*, 227 S.W.3d 744, 747 (Tex.Crim.App.2007); *Langs v. State*, 183 S.W.3d 680, 685 & n. 15 (Tex. Crim.App.2006); *Ervin v. State*, 991 S.W.2d 804, 807 (Tex.Crim.App.1999); *Ex parte Kopecky*, 821 S.W.2d 957, 959 (Tex.Crim.App. 1992).

**13.** 213 S.W.3d 338, 351–52 (Tex.Crim.App. 2007).

**14.** *Id.* at 352 (citing Tex. Penal Code § 71.03(3), which provides that "[i]t is no defense to prosecution under Section 71.02 [Engaging in Organized Criminal Activity] that ... a person has been charged with, acquitted, or convicted of any offense listed in Subsection (a) of Section 71.02[.]").

**15.** *Id.*

The State concedes that, under our holding in *Garza,* the lesser-included aggravated assault offense alleged in cause number F–0401705–RE must be considered the "same offense" as the greater-inclusive engaging-in-organized-criminal-activity offense for which the applicant was convicted by the jury in cause number F–0485746–K—at least as determined by the *Blockburger* sameness test.[16] And indeed, it is obvious that every element of the aggravated assault allegation in cause number F–0401705–RE is subsumed by the allegation of aggravated assault while a member of a criminal street gang in cause number F–0485746–K, just as the capital-murder allegation was subsumed by the organized-criminal-activity allegation in *Garza.* Nevertheless, the State argues that we should not conclude that there is a jeopardy bar to the applicant's successive prosecution. Instead, as in the multiple punishment context in *Garza,* we should go on to determine whether the Legislature intended to permit a defendant to be prosecuted successively for engaging in organized criminal activity and one of the predicate offenses to engaging in organized criminal activity. Because Section 71.03(3) of the Penal Code plainly manifests such an intention, the State concludes, we should hold that there is no double jeopardy bar, notwithstanding that the greater-inclusive and lesser-included offenses are the "same" under a *Blockburger* analysis. In essence, the State would have us extend *Hunter* 's legislative-intent approach in the multiple-punishments context to apply as well in the context of successive prosecutions. As authority for its position, the State relies upon language in the Supreme Court's 1993 opinion in *United States v. Dixon.*[17]

In *Dixon,* the Supreme Court overruled its own opinion of three terms previously in *Grady v. Corbin.*[18] *Grady* was a successive-prosecutions case.[19] Corbin acknowledged that he could not satisfy the *Blockburger* test for sameness of the offenses, and so was not entitled to jeopardy relief on that account.[20] Nevertheless, the *Grady* Court relied upon what it perceived to be the long-standing difference between the minimal jeopardy protection in the multiple-punishments context and the traditionally greater protection afforded by the Double Jeopardy Clause in the successive-prosecutions context to hold that a standard *more* protective than the *Blockburger* test must apply in the latter—the so-called "same conduct" standard.[21] Three terms later in *Dixon,* however, the Supreme Court reversed itself, rejecting *Grady* 's "same-conduct" standard and re-establishing the less-protective *Blockburger* test as the exclusive measure of sameness in the successive-prosecutions context. Along the way the Court observed:

> We have often noted that the [Double Jeopardy] Clause serves the function of preventing both successive punishment and successive prosecution, but there is *no* authority, except *Grady,* for the proposition that it has different meanings in the two contexts. That is perhaps because it is embarrassing to assert that the single term "same offence" (the words of the Fifth Amendment at issue here) has two different meanings—

---

16. State's Brief at 12.

17. 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993).

18. 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).

19. *Id.* at 510, 110 S.Ct. 2084.

20. *Id.* at 522, 110 S.Ct. 2084.

21. *Id.* at 515–22, 110 S.Ct. 2084.

that what *is* the same offense is yet *not* the same offense.[22]

From this language in *Dixon*, the State extrapolates the proposition that the double jeopardy protections are necessarily identical in the multiple-punishments and successive-prosecutions contexts. And because we have authoritatively held in *Garza* that multiple punishments were constitutionally tolerable, the State insists, we are constrained now to hold that successive prosecutions are also constitutionally allowed.

We disagree. Like *Grady*, *Dixon* is a successive-prosecutions case. While the Supreme Court in *Dixon* scaled back from the more protective "same conduct" approach to sameness for double jeopardy purposes in the successive-prosecutions context, it did not affirmatively adopt the *Hunter* primacy-of-legislative-intent approach. The various opinions in *Dixon* applied only the *Blockburger* standard, and did not go on to examine any independent indicia of legislative intent for purposes of determining "sameness." Indeed, based solely upon its *Blockburger* analysis, a plurality of the Court in *Dixon* concluded that there existed at least a partial jeopardy bar to successive prosecution, without pausing to inquire whether a legislative intent to permit successive prosecutions might independently be found elsewhere that would trump a *Blockburger* statutory construction presumption, as would have been the Court's modus operandi in the multiple-punishments context under *Hunter*.[23] Disagreement among the various justices in *Dixon* centered on the proper understanding of the *Blockburger* standard itself, never touching on whether *Blockburger* serves only as a rule of statutory construction in the successive-prosecutions context, as *Hunter* held that it does in the multiple-punishments context.[24] Notwithstanding the language quoted from *Dixon* above, we do not read the case as adopting a constitutional test for "sameness" in the successive-prosecutions context that is any *less* protective than *Blockburger*.

■ Nor do we read the language of *Dixon* quoted above as any indication that we reached the wrong result in *Garza*. Since *Dixon* was decided, the Supreme Court has unanimously recognized that, in the multiple-punishments context, *Hunter* abides.[25] This is not to deny that *Blockburger* comprises the substantive constitutional test for "sameness" in *both* the multiple-punishments *and* the successive-prosecutions contexts—consistent with *Dixon*, we hold that it does. But the Double Jeopardy Clause provides that no person shall "be twice put in jeopardy" for the same offense, *not* "twice punished or prosecuted." The concept of "jeopardy" is sufficiently flexible to accommodate a prohibition against multiple punishments as well as successive prosecutions for the same offense.[26] But it is also flexible enough to accommodate *Hunter*'s holding that what constitutes impermissible multiple punishments deriving from a single prosecution is strictly a function of the

---

22. *Dixon, supra,* at 704, 113 S.Ct. 2849 (citation omitted).

23. *Id.* at 700, 113 S.Ct. 2849 (plurality opinion) ("Because Dixon's drug offense did not include any element not contained in his previous contempt offense, his subsequent prosecution violates the Double Jeopardy Clause.").

24. *See id.* at 735, 113 S.Ct. 2849 (White, J., concurring) ("[A]dherence to legislative will has very little to do with the important interests advanced by double jeopardy safeguards against *successive* prosecutions.").

25. *Rutledge v. United States,* 517 U.S. 292, 303, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996).

26. *Pearce, supra.*

legislative will.[27] After all, the prohibition against multiple punishments for the "same offence" does not lie at what the Supreme Court has characterized as the "core of the Clause's protections[.]"[28] Multiple punishments that result from a single prosecution do not subject a defendant to the evils attendant upon successive prosecutions, namely the "embarrassment, expense and ordeal" of repetitive trials, "compelling [the accused] to live in a continuing state of anxiety and insecurity,"[29] and creating "a risk of conviction through sheer governmental perseverance."[30]

■ Elsewhere in *Dixon,* writing for a majority of the members of the Court, Justice Scalia held that, "[i]n both the multiple punishment and multiple prosecution contexts, this Court has concluded that where the two offenses for which the defendant is punished or tried cannot survive the [*Blockburger* ] 'same-elements' test, the double jeopardy bar applies."[31] Even if this language may be construed as implicitly overruling *Hunter*—which we very much doubt the Supreme Court intended and which is, in any event, belied by its later opinion in *Rutledge*[32]—it hardly supports the proposition that legislative intent is the be-all and end-all of double jeopardy analysis, *Blockburger* notwithstanding, *even for purposes of successive prosecutions.* To the extent that Section 71.03(3) purports to authorize successive prosecutions for engaging in organized criminal activity and for the commission of one of the lesser-included predicate offenses listed in 71.02(a), we hold that it does indeed operate unconstitutionally.

The applicant is entitled to relief. The judgment in cause number F–0401705–RE is vacated and the indictment in that cause is dismissed with prejudice.

KELLER, P.J., filed a concurring opinion.

COCHRAN, J., filed a concurring opinion in which ALCALA, J., joined.

KEASLER, J., filed a dissenting opinion in which HERVEY, J., joined.

WOMACK, J., concurred in the result.

KELLER, P.J., concurring.

The ramification of the position taken by the State and by the dissenting opinion would be that the legislature could abrogate the double-jeopardy protection against successive prosecutions. If taken to its logical conclusion, their view would permit the legislature to create a dozen murder offenses with identical elements and allow a person to be successively prosecuted for each one. Or the legislature could authorize successive prosecutions for any lesser-included offense of an earlier charged offense. Even an acquittal in an earlier prosecution could be rendered meaningless, because the legislature could define offenses as not the same in a way

27. *Hunter, supra,* at 366–67, 103 S.Ct. 673.

28. *Tibbs v. Florida,* 457 U.S. 31, 41, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).

29. *Green v. United States,* 355 U.S. 184, 187–88, 78 S.Ct. 221, 2 L.Ed.2d 199

30. *Tibbs, supra.* Indeed, at least one legal scholar has plausibly argued that any constitutional protection against multiple punishments in a single prosecution ought to be recognized as rooted, not in the Fifth Amendment's Double Jeopardy Clause at all, but in ordinary principles of due process—an accused should never be punished for a single instance of conduct under a greater number of penal provisions than the appropriate legislative body intended to authorize. *See* Anne Bowen Poulin, *Double Jeopardy and Multiple Punishment: Cutting the Gordian Knot,* 77 U. COLO. L. REV. 595 (Summer 2006).

31. *Dixon, supra,* at 696, 113 S.Ct. 2849.

32. *See* note 25, *ante.*

that would effectively abolish any rules of claim or issue preclusion.

This view simply cannot be right. The Double Jeopardy Clause has been construed to reach many situations, but at the core of its protections is the protection against successive prosecutions for the same offense. The government cannot be allowed to re-file its charges again and again simply because the earlier prosecution did not achieve the results the government desired. I do not believe that the protection against successive prosecutions can be abolished through legislative fiat.[1]

With these comments, I join the opinion that announces the judgment of the Court.

COCHRAN, J., concurring in which ALCALA, J., joined.

I agree with the majority's conclusion. I believe that the Double Jeopardy Clause

prohibits applicant's later prosecution for the lesser-included offense of aggravated assault after he has previously been convicted of organized criminal activity for committing that very same aggravated assault.[1] The Texas Legislature has not stated, or even suggested, that a defendant who has been convicted of and punished for the greater inclusive offense of organized criminal activity may later be prosecuted for a lesser-included offense that the State necessarily proved (and punished) during the first trial. This is akin to saying that a defendant may be convicted of and punished for capital murder and then reprosecuted for the very same killing under a charge of murder. This Court has held that such double-dipping is prohibited by the Double Jeopardy Clause.[2]

In the present case, the State indicted applicant for engaging in organized crimi-

---

1. And neither, I think, does Justice Scalia, who authored the portion of *Dixon*, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), upon which the State and the dissenting opinion rely. Justice Scalia's view is that the Double Jeopardy Clause does not contain a "multiple punishments" component, and that multiple-punishment issues should instead be considered under the Due Process Clause. *See Dep't of Revenue v. Kurth Ranch*, 511 U.S. 767, 802–03, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994) (Scalia, J., dissenting) ("The difficulty of applying *Halper*'s analysis to Montana's Dangerous Drug Tax has prompted me to focus on the antecedent question whether there is a multiple-punishments component of the Double Jeopardy Clause. As indicated above, I have concluded ... that there is not. Instead, the Due Process Clause keeps punishment within the bounds established by the legislature ... [*Halper*] produces results too strange for judges to endure, and regularly demands judgments of the most problematic sort."). Under that view, *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), would be removed from the double-jeopardy discussion because it was a multiple-punishments case. And once it is out of the picture, along with its holding that legislatures may authorize multiple punishments for offenses that are the same under *Blockburger*,

all that is left is *Blockburger* as the sole criterion for ascertaining a double-jeopardy violation. *See Kurth Ranch*, 511 U.S. at 800, 114 S.Ct. 1937 (Scalia, J., dissenting). We should not read too much into the cited statement in *Dixon*.

1. *See Brown v. Ohio*, 432 U.S. 161, 167–69, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) ("The greater offense is therefore by definition the 'same' for purposes of double jeopardy as any lesser offense included in it. ... Whatever the sequence may be, the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense."; holding that joyriding is a lesser-included offense of auto theft); *Harris v. Oklahoma*, 433 U.S. 682, 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) ("When, as here, conviction of a greater crime, murder, cannot be had without conviction of the lesser crime, robbery with firearms, the Double Jeopardy Clause bars prosecution for the lesser crime, after conviction of the greater one.") (per curiam).

2. *Ex parte Granger*, 850 S.W.2d 513, 517 (Tex. Crim.App.1993) ("Since the lesser offense of murder requires no proof beyond that which is required for the greater offense of capital

nal activity and alleged, in its indictment, that on or about July 26, 2004, applicant

did as a member of a criminal street gang, commit aggravated assault by intentionally, knowingly, and recklessly causing serious bodily injury to DAVID CUNNIFF by striking DAVID CUNNIFF to and against the floor, a deadly weapon, and by striking DAVID CUNNIFF with the [Applicant's] hand, a deadly weapon.

A jury convicted applicant of this offense as alleged and sentenced him to nineteen years in prison. The State had also indicted applicant for aggravated assault and alleged, in that indictment, that on or about July 26, 2004, applicant

intentionally, knowingly, and recklessly caus[ed] serious bodily injury to DAVID CUNNIFF by striking DAVID CUNNIFF to and against the floor, a deadly weapon, and by striking DAVID CUNNIFF with the [Applicant's] hand, a deadly weapon.

A month after the first trial, applicant pled *nolo contendere* to this lesser-included offense and was sentenced to ten years in prison. These two indictments contain exactly the same elements (and manners and means allegation), except that the organized criminal activity indictment contains the additional element that applicant committed the aggravated assault as a member of a criminal street gang. The aggravated-assault indictment, therefore, sets out a lesser-included offense of the organized-criminal-activity indictment.

These offenses are "the same" under *Blockburger*.[3] Successive prosecution of the lesser-included offense of aggravated assault after conviction for the greater offense of engaging in organized criminal activity as it was pled in the indictment is explicitly prohibited under long-established Supreme Court double-jeopardy precedent.[4] Applicant was found guilty of (and punished for) the crime of aggravated assault on David Cunniff in the first trial for engaging in organized criminal activities; he cannot be convicted of (and punished) a second time for that very same offense in a later proceeding.

The State argues that aggravated assault need not necessarily be a lesser-included offense of engaging in organized criminal activity because the latter statuto-

---

murder, the two offenses are necessarily the 'same' offense for the purposes of double jeopardy.").

**3.** *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932) ("[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."); *see also Hall v. State*, 225 S.W.3d 524, 532–33 (Tex.Crim. App.2007) (stating that lesser-included offenses are determined by comparing elements of the offense as modified in the indictment, and explaining that "[p]roblems could result if lesser-included offenses were determined by a comparison of evidence at trial, while jeopardy issues were determined by a comparison of the statutory elements as alleged in the

charging instrument, for conviction bars prosecution for a greater or lesser-included offense.").

**4.** *In re Nielsen*, 131 U.S. 176, 190, 9 S.Ct. 672, 33 L.Ed. 118 (1889) (a conviction of a greater-inclusive crime bars a subsequent prosecution of a lesser-included one); *see also Brown*, 432 U.S. at 166, 168, 97 S.Ct. 2221 ("If two offenses are the same under [the *Blockburger*] test for purposes of barring consecutive sentences at a single trial, they necessarily will be the same for purposes of barring successive prosecutions"); *Parrish v. State*, 869 S.W.2d 352, 354 (Tex.Crim.App.1994) (noting that, after the *Dixon* decision, the "core" meaning of *Blockburger* was in dispute; "The only proposition upon which everyone seems to agree is that the greater inclusive and lesser included offenses are the same for jeopardy purposes").

ry offense also includes a conspiracy element: a defendant "commits an offense if, as a member of a criminal street gang he commits *or conspires to commit*" any of the listed offenses, including aggravated assault. True enough, and if the State had pled a conspiracy to commit aggravated assault in its organized-criminal-activity indictment, then the State could bring a successive prosecution for the completed offense of aggravated assault. A conspiracy to commit a crime and the completed crime are not the "same" offense under *Blockburger.*[5]

The State also relies on *Garza v. State,*[6] in which we held that the defendant could be tried and convicted in a single proceeding of (1) capital murder, and (2) engaging in organized criminal activity by committing capital murder as a member of a criminal street gang.[7] In *Garza,* we re-

lied, in part, on Penal Code Section 71.03(3) which states that "It is no defense to prosecution under 71.02 that … a person has been charged with, acquitted, or convicted of any offense listed in Subsection (a) of Section 71.02[.]"[8] Thus, in a trial for engaging in organized criminal activity, the defendant cannot claim that he has a defense to prosecution because he had already been "charged with, acquitted, or convicted of" any of the substantive offenses (such as aggravated assault) listed in Section 71.02(a). The gravamen of the organized-crime offense is the additional harm and danger to the public of having the members of a criminal organization working together to commit crimes on an ongoing basis.[9] That is why the punishment range for a conviction under the organized criminal activity statute is one degree higher than for the substantive offense itself.[10]

5. *United States v. Felix,* 503 U.S. 378, 384, 389, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992) (defendant could be prosecuted for criminal conspiracy after he had been convicted in a previous trial for some of the same predicate acts; double jeopardy did not bar second prosecution because of the longstanding "rule that a substantive crime and a conspiracy to commit that crime are not the 'same offence' for double jeopardy purposes."); *see McGee v. State,* 909 S.W.2d 516, 519 (Tex.App.-Tyler 1995, pet. ref'd) (double jeopardy did not bar subsequent prosecution for organized criminal activity when indictment alleged conspiracy to commit drug offense after defendant had been convicted of substantive drug offense); *Lindley v. State,* 855 S.W.2d 729, 729–30 (Tex.App.-Tyler 1993, pet. ref'd) (no double jeopardy violation when defendant was first convicted of aggravated possession of cocaine and subsequently prosecuted for engaging in organized criminal activity by conspiring to commit the same aggravated cocaine possession); *see also United States v. Saccoccia,* 18 F.3d 795, 798 (9th Cir.1994) ("A substantive crime and a conspiracy to commit that crime are not the same offense for double jeopardy purposes…. Accordingly, the government may prosecute successively a conspiracy and the substantive offenses it encompasses. This rule has been interpreted to allow prosecution

of a defendant once for a RICO conspiracy and thereafter for the predicate offenses constituting a pattern of racketeering activity.") (citations omitted).

6. 213 S.W.3d 338 (Tex.Crim.App.2007).

7. *Id.* at 351–52.

8. Tᴇx. Pᴇɴᴀʟ Cᴏᴅᴇ § 71.03(3).

9. Tᴇx. Pᴇɴᴀʟ Cᴏᴅᴇ § 71.01(a) & 71.02; *see Hart v. State,* 89 S.W.3d 61, 63 (Tex.Crim. App.2002) (In prosecution of engaging in organized crime case, State must prove that defendant intended to establish, maintain, participate in or participate in the profits of a combination—a group of three or more—whose members collaborate in carrying on criminal activities); *Nguyen v. State,* 1 S.W.3d 694, 696 (Tex.Crim.App.1999) (offense of engaging in organized criminal activity requires proof that combination was an ongoing enterprise, not the collaboration of its members to commit a single crime; the language implies "an element of continuity").

10. Tᴇx. Pᴇɴᴀʟ Cᴏᴅᴇ § 71.02(b) ("Except as provided in Subsections (c) and (d), an offense under this section is one category higher than

But if the State has already obtained its enhanced punishment for the greater offense—an aggravated assault committed by one acting as a member of a criminal street gang—it cannot later retry the actor for the same underlying aggravated assault.[11] And Section 71.03(3) does not suggest that this is the Legislature's intent. That "no defense" provision applies only when the State is prosecuting the *greater* offense of engaging in organized criminal activity. In the prosecution for the enhanced crime, the defendant cannot bar the prosecution claiming double jeopardy based upon his having been charged with, acquitted, or convicted of the lesser, substantive offense.[12] But here we have the reverse situation: prosecution of the lesser-included offense after conviction of the greater offense. The Section 71.03(3) "no defense" provision says nothing about the validity of a double-jeopardy claim when the defendant has already been convicted of engaging in organized criminal activity and is later being prosecuted for the less-er-included substantive offense. The Legislature has indicated no intent to have a defendant serially prosecuted and punished for the greater offense and then prosecuted again for the lesser-included offense that the jury has already punished him for committing.[13]

When conviction of the greater crime necessarily requires conviction of the lesser crime, the Double Jeopardy Clause bars prosecution for the lesser crime after conviction of the greater one. This has been bedrock American law since at least *In re Nielsen* in 1889. I think it should remain that way. I therefore agree that applicant is entitled to relief.

KEASLER, J., dissenting, in which HERVEY, J., joined.

The Court concludes that engaging in organized criminal activity and the predicate offense are the "same offense" when each offense is separately prosecuted. And upon conviction of the former, double jeopardy bars prosecution of the latter.

the most serious offense listed in Subsection (a) that was committed, and if the most serious offense is a Class A misdemeanor, the offense is a state jail felony, except that if the most serious offense is a felony of the first degree, the offense is a felony of the first degree.").

11. *See, e.g., Rutledge v. United States*, 517 U.S. 292, 297–301, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996) (Under *Blockburger,* conspiracy to distribute controlled substances is lesser-included offense of conducting continuing criminal enterprise (CCE) and double jeopardy prohibits cumulative punishment for both; the "in concert" element of CCE offense implies agreement in common plan or enterprise and requires proof of conspiracy that would also violate statute on conspiracy to distribute controlled substances, and conspiracy statute does not require proof of any fact that is not also part of the CCE offense); *see also Ball v. United States*, 470 U.S. 856, 861–64, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985) (concluding that multiple prosecutions were barred because statutes directed at "receipt" and "possession" of a firearm amounted to the "same offense," in that proof of receipt *"necessarily"* included proof of possession); *Whalen v. United States*, 445 U.S. 684, 691–95, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980) (holding that two punishments could not be imposed because rape and felony murder predicated on the rape were the "same offense").

12. *See, e.g., Garrett v. United States*, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985).

13. The State suggests that some of the discussion in *United States v. Dixon,* 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), would permit this type of successive prosecution of first the greater and then the lesser-included offense, but that does not explain how the Supreme Court reaffirmed its longstanding double-jeopardy prohibition against successive prosecution for both the greater and lesser-included offense in its unanimous opinion in *Rutledge,* delivered three years after *Dixon.*

But when the two offenses are tried together, double jeopardy is not offended. I disagree with the logical inconsistency that results from defining "same offense" by virtue of the double-jeopardy claim's context.

The Double Jeopardy Clause provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb."[1] "This protection applies both to successive punishments and to successive prosecutions for the same criminal offense."[2] Specifically, the United States Supreme Court outlined—and we have recognized—three distinct double-jeopardy claims: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense.[3] "[A] threshold question in [each] case is whether the defendant is being punished or prosecuted for the 'same offense.'"[4]

Determining whether two offenses are the same offense requires examining legislative intent. The Supreme Court has held that, for all double-jeopardy claims, the test articulated in *Blockburger v. United States* is a tool for ascertaining whether a legislature intended two separately pre-scribed offenses to be the same offense.[5] "The assumption underlying the *Blockburger* [test] is that Congress ordinarily does not intend to punish the same offense under two different statutes."[6] We also have recognized that "the *Blockburger* test is ... useful in determining legislative intent as to the scope of punishment where the intent is not otherwise manifested, and does not operate to trump clearly expressed legislative intent."[7]

In *Garza v. State,* a multiple-punishment case, we relied upon these principles in holding that two offenses—engaging in organized criminal activity and the underlying offense (capital murder in that case)—were not the same offense for double-jeopardy purposes.[8] While admitting that the two offenses would have been the same under the *Blockburger* test, we considered Penal Code Section 71.03(3)'s provision that "[i]t is no defense to prosecution [for engaging in organized criminal activity] that a person has been charged with, acquitted, or convicted of any [underlying] offense."[9] We reasoned that "the Legislature ... indicated with sufficient clarity its intention that a defendant charged with engaging in organized criminal activity may also be charged (at least in the same proceeding) with the underlying offense

---

1. U.S. Const. amend. IV; *accord Missouri v. Hunter*, 459 U.S. 359, 362, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).

2. *United States v. Dixon*, 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)).

3. *See id.; Weinn v. State*, 326 S.W.3d 189, 192 (Tex.Crim.App.2010).

4. *State v. Perez*, 947 S.W.2d 268, 270 (Tex. Crim.App.1997).

5. 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *accord Albernaz v. United States*, 450 U.S. 333, 337–38, 340–42, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981) (multiple punishments); *Brown v. Ohio*, 432 U.S. 161, 166 & n. 6, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) (successive prosecutions).

6. *Ball v. United States*, 470 U.S. 856, 861, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985).

7. *Weinn*, 326 S.W.3d at 192 (internal quotes omitted).

8. 213 S.W.3d 338, 351–52 (Tex.Crim.App. 2007).

9. Tex. Penal Code § 71.03(3); *accord Garza*, 213 S.W.3d at 352.

and punished for both." [10]

Chaddock acknowledges—and does not challenge—our holding in *Garza;* his sole argument is that engaging in organized criminal activity and the underlying offense are the same offense in the successive-prosecution context because the underlying offense is a lesser-included offense. This characterization alone is dispositive in the majority's view. I disagree.

In *United States v. Dixon,* the Supreme Court held that the term "same offense" has the same meaning in both the multiple-punishment and successive-prosecution contexts.[11] In overruling *Grady v. Corbin,*[12] the *Dixon* majority discarded the same-conduct test because it necessitated defining "same offense" differently in the multiple-punishment and successive-prosecution contexts.[13] In reaching this conclusion, the Court affirmatively rejected the notion that the Double Jeopardy Clause's prevention of successive prosecution and punishment results in two distinct strands entitled to a different meaning in each context.[14] And it did so unequivocally: "That is perhaps because it is embarrassing to assert that the single term 'same

offence' . . . has two different meanings— that what *is* the same offense is yet *not* the same offense."[15] Thus, *Dixon* demands that the test for what constitutes the same offense be the same in both contexts.[16] As a result, the now-singular analysis that emerged after *Dixon* is the same test the Supreme Court used in *Missouri v. Hunter*[17] in the multiple-punishment context; specifically, that while courts presume, under *Blockburger,* that the legislature did not intend to permit successive prosecution or multiple punishment under two offenses that lack distinct elements, this rebuttable presumption is overcome by clear evidence of legislative intent that both offenses apply.[18] While it is true, as the majority notes, that *Dixon* did not affirmatively adopt the *Hunter* approach, it is reasonable to assume that when the Court merged the analyses, the Court was familiar with its own double-jeopardy jurisprudence in the multiple-punishment context. And *Hunter* continues to be good law today.

Professor LaFave has also recognized *Dixon*'s adoption of legislative deference in its determination of whether offenses are the same.[19] In his treatise, he ad-

10. *Garza,* 213 S.W.3d at 352.

11. *Dixon,* 509 U.S. at 704, 113 S.Ct. 2849.

12. 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).

13. *Dixon,* 509 U.S. at 704, 113 S.Ct. 2849.

14. *Id.*

15. *Id.* (emphasis in original).

16. *Id.; accord United States v. Bennett,* 44 F.3d 1364, 1372 n. 7 (8th Cir.1995) (quoting *Brown,* 432 U.S. at 165, 97 S.Ct. 2221, for the proposition that "if two offenses are the same under the [*Blockburger*] test for purposes of barring consecutive sentences at a single trial, they necessarily will be the same for purposes of barring successive prosecutions," and cit-

ing *Dixon* to deduce the converse proposition that "if two offenses are not the same for purposes of barring multiple punishment, they necessarily will not be the same for purposes of barring successive prosecutions").

17. 459 U.S. at 368–69, 103 S.Ct. 673.

18. *Bennett,* 44 F.3d at 1372 n. 7; *accord State v. Flenoy,* 968 S.W.2d 141, 144–45 (Mo.1998); *State v. Weaver,* 648 N.W.2d 355, 358–61 (S.D. 2002). *See Dixon,* 509 U.S. at 704, 113 S.Ct. 2849.

19. *See* 5 WAYNE R. LAFAVE, ET AL., CRIMINAL PROCEDURE § 17.4(b), at 86 (3d ed.2007); *see generally* Nancy J. King, *Proportioning Punishment: Constitutional Limits on Successive and Excessive Penalties,* 144 U. PA. L. REV. 101 (1995).

dressed the Supreme Court's decision in *Harris v. Oklahoma*,[20] a factually similar double-jeopardy case upon which Chaddock relies, in which the Court held that "[w]hen ... conviction of a greater crime ... cannot be had without conviction of a lesser crime ... the Double Jeopardy Clause bars prosecution for the lesser crime after conviction of the greater one." Like Chaddock, Harris was charged with and convicted of one offense (committing murder in the course of a robbery with firearms) and then, in a separate proceeding, was charged with and convicted of the lesser-included offense (robbery with firearms).[21] Reading *Dixon* literally—as I suggest we must—Professor LaFave opined that "if ... the *Dixon* decision really means that the two strands of the double jeopardy clause must be given precisely the same meaning, then the actual holding in *Harris* would likewise be open to circumvention by such legislative action." [22]

Ultimately, we held in *Garza* that, in the multiple-punishment context, engaging in organized criminal activity and the underlying offense are not the same offense.[23] In accordance with *Hunter*, we reasoned that Section 71.03(3)'s enactment trumped the *Blockburger* test.[24] If two offenses are not the same offense in the multiple-punishment context, then they should not be considered the same offense in the successive-prosecution context.[25]

In her concurring opinion, Presiding Judge Keller takes issue with my reading of *Dixon* because, as she asserts, it would allow "the legislature [to] abrogate the double-jeopardy protection against successive prosecutions" by creating multiple offenses with the same elements and could render acquittals meaningless, undermining the concepts of claim and issue preclusion.[26] Presiding Judge Keller's claims mirror those made by Justice Souter in his dissent in *Dixon* (joined only by Justice Stevens), which were rejected by the majority. Justice Souter argued that

> by defining its offenses with care, the government could not merely add punishment to punishment (within Eighth and Fourteenth Amendment limits), but could bring a person to trial again and again for that same conduct, .... The protection of the Double Jeopardy Clause against successive prosecutions is not so fragile that it can be avoided by finely drafted statutes and carefully planned prosecutions.[27]

The collateral estoppel doctrine defined in *Ashe v. Swenson*[28] would still bar relitigating the same factual allegations when previously rejected by a fact-finder.[29]

Presiding Judge Keller's opinion also seems to suggest *Dixon*'s language should be viewed skeptically in light of Justice Scalia's subsequent thoughts on the Double Jeopardy Clause. Her opinion notes Justice Scalia's dissent in *Dep't of Revenue*

**20.** 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977).

**21.** *Id.*

**22.** 5 CRIMINAL PROCEDURE § 17.4(b), at 86.

**23.** *Garza*, 213 S.W.3d at 351–52.

**24.** *Id.*

**25.** *Dixon*, 509 U.S. at 704, 113 S.Ct. 2849; *Bennett*, 44 F.3d at 1372 n. 7.

**26.** *Ante*, at 886–87 (Keller, P.J., concurring).

**27.** *Dixon*, 509 U.S. at 760–61, 113 S.Ct. 2849 (Souter, J., dissenting).

**28.** 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).

**29.** *See Dixon*, 509 U.S. at 710 n. 15, 113 S.Ct. 2849.

*v. Kurth Ranch*[30] where he adopts the position that, in multiple-punishment cases, double-jeopardy claims are more appropriately addressed under the Due Process Clause. However meritorious his personal view may be, it has never been adopted by the Supreme Court and should have no bearing on our interpretation of *Dixon.*

Judge Cochran, in her concurrence, also suggests that labeling the aggravated assault as a lesser-included offense of engaging in organized criminal activity should end the double-jeopardy analysis. She takes issue with my reading of *Dixon* in light of the Supreme Court's holding in *Rutledge v. United States,* in which the Court held that the offense of participating in a conspiracy to distribute controlled substances was a lesser-included offense of conducting a continuing criminal enterprise; therefore the convictions for both offenses violated double jeopardy.[31] *Rutledge* is inapplicable to the present case. First, *Rutledge* presented the Court with a multiple-punishment double-jeopardy question because Rutledge was tried and convicted for both offenses in a single proceeding.[32] So *Rutledge*'s conclusion neither confirms nor disproves my reading of *Dixon.* Second, even if *Rutledge* had instructive value here, its message is consistent with the conclusion that a court should consider legislative intent once it finds the offenses appear to be the same based on their elements.[33]

Finally, the Court has, as a practical result, created a de facto mandatory-joinder rule. The Legislature intended that a defendant may be punished for both engaging in organized criminal activity and the underlying predicate offense.[34] And to give effect to the full punishment envisioned by the Legislature for both engaging in organized criminal activity and the predicate offense, the State is now forced to prosecute both offenses in a single proceeding. There is no constitutional support for such a forced-joinder rule.

I cannot join the Court's opinion because it results in logical inconsistency in the meaning of the Double Jeopardy's "same offense" language: "that what *is* the same offense is yet *not* the same offense."[35]

---

**30.** 511 U.S. 767, 802–803, 114 S.Ct. 1937 (Scalia, J., dissenting).

**31.** *Rutledge v. United States,* 517 U.S. 292, 300, 307, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996).

**32.** *Id.* at 295, 116 S.Ct. 1241.

**33.** *See id.* at 303–304 & n. 14, 116 S.Ct. 1241 (rejecting the government's argument that Congress intended multiple punishment for both offenses).

**34.** *Garza,* 213 S.W.3d at 351–52.

**35.** *Dixon,* 509 U.S. at 704, 113 S.Ct. 2849.