**Affirmed as Modified and Affirmed; Opinion Filed July 11, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00488-CR
### No. 05-13-00489-CR
### No. 05-13-00490-CR
### No. 05-13-00505-CR

**LUIS ALFREDO JUAREZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1035332-I, F-1135928-I, F-1135929-I, & F-1135930-I**

## MEMORANDUM OPINION
Before Justices Lang, Myers, and Brown
Opinion by Justice Brown

Luis Alfredo Juarez appeals his convictions for the offenses of possession of heroin, delivery of heroin, possession of heroin with intent to deliver, and engaging in organized criminal activity. Appellant raises twelve points of error on appeal. In the possession with intent to deliver case, he complains about a drug-free zone finding made by the jury. In the organized crime case, appellant contends the trial court erred in ordering his sentence to run consecutively to the possession with intent to deliver sentence. In the delivery case, he contends he received ineffective assistance of counsel and contends the judgment should be reformed. Finally, in all four cases, he contends there is no evidence to support the court costs assessed by the trial court.

We modify the judgment in the delivery case to reflect the correct degree of offense committed. As modified, we affirm that judgment. We affirm the other three judgments.

## BACKGROUND

Appellant was charged by indictment with possession of heroin in an amount of one gram or more, but less than four grams, alleged to have occurred on or about October 3, 2010. While appellant was on bond for that offense, he was charged with delivery of heroin in an amount of less than one gram; possession with intent to deliver heroin in an amount of four grams or more but less than 200 grams; and engaging in organized criminal activity, all alleged to have occurred on or about December 2, 2011. The indictments in the delivery case and the possession with intent to deliver case alleged the offenses were committed "in, on, or within 1,000 feet of any real property that is owned, rented, or leased to a school or school board, to-wit: JACKIE MAE TOWNSELL ELEMENTARY SCHOOL," in Irving, Texas.

At a jury trial in February 2013, appellant pleaded not guilty to two of the four offenses with which he was charged, possession with intent to deliver and engaging in organized criminal activity. Irving Police Investigator Grant Williams testified that on two occasions prior to December 2, 2011, he had purchased heroin from appellant's co-defendant, Miguel Balderas, at an apartment complex at 3102 West Northgate. Both times, Williams had called Balderas to arrange the purchase. Balderas instructed Williams to park his car in a certain location at Balderas's apartment complex and call him when he arrived. Balderas then left his apartment, walked over to Williams, and delivered the heroin in exchange for money.

On December 2, 2011, Williams arranged to buy 6.2 grams of heroin for $360 from Balderas. That was more heroin than Williams had purchased from Balderas in the past, enough for about 31 uses. Balderas instructed Williams to come to his apartment. When Williams knocked on the door, another co-defendant, Aldo Belmont, answered and invited him in.

–2–

Appellant came out from a bedroom and sat down at a table in the dining area. Belmont brought appellant a digital scale. From his pants pocket, appellant pulled out a plastic baggie containing black tar heroin, which is a sticky, solid mass. Using a razor blade to cut the heroin, appellant weighed out 6.2 grams of the substance and handed it to Williams. Williams put the heroin in a bag, handed Balderas the money, and left the apartment. The laboratory analysis performed later showed the heroin delivered to Williams actually weighed 6.1 grams.

Based on his two previous buys at Balderas's apartment, Investigator Williams had already obtained a search warrant for the location. Shortly after Williams left the apartment on December 2, a SWAT team secured the location and a narcotics team executed the search warrant. The officers found appellant, Balderas, and Belmont in the bedroom closet. Williams went back in to collect and document evidence. Williams had recorded the serial numbers of the bills he gave Balderas for the heroin. Forty dollars of that money was found in Balderas's pocket, and the remaining $320 was found in appellant's wallet. Also in appellant's wallet, police found a dollar bill folded up that contained cheese heroin, which Williams described as heroin mixed with Tylenol PM. In the closet where appellant and the others were hiding, police found the black tar heroin left over after appellant cut off the portion to sell to Williams. It weighed 11.3 grams.

State's Exhibit 23 was a map showing the location of the apartment and Jackie Mae Townsell Elementary School. Investigator Williams testified that the apartment was about 370 feet from the school. Appellant stipulated that if Tony Smith, a Geographical Information Systems technician with the Dallas County Public Works Department, had been called as a witness he would have identified Jackie Mae Townsell Elementary school as real property owned by a school board, the Irving Independent School District. Appellant further stipulated that the "location of the offense, 3102 W. Northgate Drive #1032 in Irving, Texas is within 1000

–3–

feet of the real property owned by the school Jackie Mae Townsell Elementary School." His written stipulation was admitted into evidence as State's Exhibit 27. In two separate exhibits, appellant also stipulated that the substance at issue was heroin and that it weighed 6.1 grams and 11.3 grams respectively.

During closing arguments, defense counsel indicated that appellant had not wanted a jury trial. The case was before the jury because the State had exercised its right to a jury trial. Counsel did not argue that the jury should find appellant not guilty. He told the jury the trial was a way for appellant to get in front of the judge for sentencing. The jury found appellant guilty of possession with intent to deliver and found that he committed the offense in a drug-free zone, i.e., within 1,000 feet of Jackie Mae Townsell Elementary School. The jury also found appellant guilty of engaging in organized criminal activity.

At a sentencing hearing a month later, before the court heard any punishment evidence, the court took up the two other charges pending against appellant, namely possession of heroin in October 2010 and delivery of heroin in December 2011. The court stated that it appeared from the paperwork appellant and his lawyer had submitted that appellant wanted to waive a jury and plead guilty as charged. After the trial court admonished appellant, appellant proceeded to plead guilty to those two offenses. The court told appellant it was going to hear any evidence appellant wanted it to consider in those two cases, in addition to the two tried before the jury. The State did not present any witnesses. Appellant and his mother testified on appellant's behalf. At the conclusion of the evidence, the trial court assessed punishment at five years' confinement in both guilty plea cases. For the two cases in which the jury found appellant guilty, the trial court assessed punishment at ten years' confinement. These appeals followed.

## POSSESSION WITH INTENT TO DELIVER

Although appellant stipulated that he committed the offense of possession with intent to deliver within 1,000 feet of Townsell Elementary School and did not object to the indictment or the charge, his first four points of error involve the jury's drug-free zone finding made in that case. In his first point of error, appellant contends the drug-free zone finding should be deleted from the judgment because it is void. The indictment for possession with intent to deliver alleged that appellant committed the offense "in, on, or within 1,000 feet of any real property that is owned, rented, or leased to a school or school board," namely Townsell Elementary School. The special issue in the jury charge asked the jury to determine if appellant's possession occurred "in, on, or within 1,000 feet of a school," namely Townsell Elementary School. Appellant asserts that because the indictment alleged the offense occurred within 1,000 feet of a real property owned, rented, or leased to a school or school board, rather than within 1,000 feet of a school, the drug-free zone finding is void and should be deleted from the judgment. Appellant did not raise this objection at trial, but now argues that due to the void drug-free zone finding, his sentence is void, a complaint that may be made for the first time on appeal.

Heroin is categorized as a "Penalty Group 1" drug in the health and safety code. TEX. HEALTH & SAFETY CODE ANN. § 481.102(2) (West 2010). Under section 481.112(d), possession of heroin with intent to deliver in an amount of four grams or more but less than 200 grams is a first-degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2010). Section 481.134(c) provides that when it is shown on the trial of an offense punishable under section 481.112(d) that the offense was committed within 1,000 feet of the premises of a school, the minimum term of confinement is increased by five years and the maximum fine for the offense is doubled. TEX. HEALTH & SAFETY CODE ANN. § 481.134(c) (West Supp. 2013).

–5–

Here, the language used in the indictment to allege a drug-free zone - "in, on, or within 1,000 feet of any real property that is owned, rented or leased to a school or school board" - is found in subsections of section 481.134 that are inapplicable to the possession with intent to deliver charge in this case. TEX. HEALTH & SAFETY CODE ANN. § 481.134(d)-(f) (West Supp. 2013). These provisions of 481.134 increase the grade of the offense when it is shown that the offense was committed in, on, or within 1,000 feet of any real property that is owned, rented, or leased to a school or school board, making: 1) an offense that would otherwise be a state jail felony a third-degree felony; 2) an offense that would otherwise be a Class A misdemeanor a state jail felony; and 3) an offense that would otherwise be a Class B misdemeanor a Class A misdemeanor. *Id.* The possession with intent to deliver offense appellant was charged with was a first-degree felony, and thus subsections d, e, and f of 481.134 do not apply.

A void or illegal sentence is one where the punishment is unauthorized. *Ex parte Pena*, 71 S.W.3d 336, 336 n.2 (Tex. Crim. App. 2002). Appellant argues that because the language used in section 481.134(c), which authorizes a five-year increase in the minimum punishment, was not alleged in the indictment, the five-year increase was not available. He asks us to reduce his sentence from ten years to five years, the minimum punishment for a first-degree felony absent a drug-free zone finding. *See* TEX. PENAL CODE ANN. § 12.32(a) (West 2011). We note that even if appellant was correct about the available punishment range, his ten-year sentence is within that range. There is nothing in the record to indicate the trial court intended to impose the minimum available sentence.

Moreover, there is no real substantive difference between the indictment's allegation that appellant committed the offense in, on, or within 1,000 feet of any real property that is owned, rented or leased to a school or school board, to wit: Townsell Elementary School and the allegation in the special issue that appellant committed the offense in, on, or within 1,000 feet of

a school, to wit: Townsell Elementary School. The indictment was sufficient to give appellant notice of the State's allegation that he committed the offense within 1,000 feet of Townsell Elementary. The jury charge tracked the language of the applicable drug-free zone statute. In order to conclude the offense was committed in a drug-free zone, both the indictment and the jury charge required a finding that appellant committed the offenses in, on, or within 1,000 feet of Townsell Elementary School. Indeed, appellant stipulated that the apartment was within 1,000 feet of property owned by Townsell Elementary. We conclude the drug-free zone finding is not void. We overrule appellant's first issue.

In the alternative, in his second point of error, appellant contends the evidence is legally insufficient to support the drug-free zone finding. In reviewing the legal sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011). We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Adames*, 353 S.W.3d at 860.

Appellant asserts that because the indictment alleged the "real property owned, rented, or leased by a school or school district" theory for finding a drug-free zone found in section 481.134(d), a hypothetically correct jury charge would have required a finding that he committed one of the offenses listed in that section. We disagree.

The court of criminal appeals' opinion in *Young v. State*, 14 S.W.3d 748 (Tex. Crim. App. 2000), is instructive in this case. In *Young*, the defendant was charged with possession with intent to deliver and delivery of between one and four grams of cocaine, both second-degree felonies. *Id.* at 750. The indictments alleged the offenses were committed "in, on, or within 1,000 feet of the premises owned, rented or leased by a school . . . further described as Cavazos

Junior High School," and the jury charge included a corresponding instruction regarding the drug-free zone. On appeal, the court of appeals measured the sufficiency of the evidence for enhancement against the allegations in the indictment and reversed and remanded for a new punishment hearing because there was no proof that Cavazos Junior High School was owned, leased, or rented by a school. *Young v. State*, 1999 WL 39032, *5-6 (Tex. App.—Amarillo Jan. 29, 1999), *rev'd*, 14 S.W.3d 748 (Tex. Crim. App. 2000).

The court of criminal appeals held that the sufficiency of the evidence in this context should be measured by the elements of the hypothetically correct jury charge for the enhancement, as defined by statute. *Young*, 14 S.W.3d at 753. At the time of the defendant's 1997 offenses, that subsection of 481.134 containing the "in, on, or within 1,000 feet of premises owned, rented, or leased" did not apply to schools. *Id.* at 751. The only subsection that applied to schools and covered the possession and delivery charges at issue was 481.134(c), which provided that a drug-free zone was "in, on, or within 1,000 feet of premises of a school." *Id.* at 752-53. Therefore, the hypothetically correct jury charge against which sufficiency for enhancement should have been measured would have required the jury to find beyond a reasonable doubt that the offenses were committed in, on, or within 1,000 feet of the premises of a school, further described as Cavazos Junior High School. *Id.* at 753. The court of criminal appeals determined that a rational juror could have found beyond a reasonable doubt that Cavazos Junior High School was a school as defined in the statute. *Id.* at 754.

Thus, in this case, to determine what the hypothetically correct jury charge on the drug-free zone would have been, we look at the applicable statute, not, as appellant asserts, the indictment. The drug-free zone statute applicable to schools and to this possession with intent to deliver offense was section 481.134(c), which allows for enhanced punishment if the offense is committed "in, on, or within 1,000 feet of the premises of a school." This is the language used in

the special issue in this case, which asked the jury if it found beyond a reasonable doubt that appellant committed the offenses "in, on, or within 1,000 feet" of Jackie Mae Townsell Elementary School. In light of appellant's stipulation and Investigator Williams's testimony, we conclude rational jurors could have found beyond a reasonable doubt that appellant committed the offense in a drug-free zone. We overrule appellant's second point of error.

In his third point of error, appellant contends the trial court erred in submitting the drug-free zone special issue because the theory submitted (within 1,000 feet of a school) was not alleged in the indictment. When reviewing claims of jury-charge error, we first determine whether an error actually exists in the charge. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). If error exists and there was no objection to the complained-of error at trial, we will not reverse unless the record shows the defendant suffered egregious harm as a result of the error. *Id.* Errors which result in egregious harm are those that affect the very basis of the case, deprive the defendant of a valuable right, vitally affect the defensive theory, or make a case for conviction clearly and significantly more persuasive. *Taylor v. State*, 332 S.W.3d 483, 490 (Tex. Crim. App. 2011). We assess harm in light of the entire jury charge, the state of the evidence, including contested issues, and any other relevant information revealed by the record as a whole. *Id.* at 489.

Here, even if we assume there was error in the court's charge, we conclude appellant did not suffer egregious harm as a result. Appellant contends the charge was fundamentally defective because it authorized a drug-free zone finding on a theory not alleged in the indictment. But the cases he cites in making this argument are distinguishable and therefore not persuasive. *See, e.g., Ross v. State*, 487 S.W.2d 744, 745 (Tex. Crim. App. 1972) (jury not charged on same theory of burglary alleged in indictment); *Flores v. State*, 48 S.W.3d 397, 402 (Tex. App.—

Waco 2001, pet. ref'd) (charge authorized conviction for criminally negligent homicide without requiring proof of all elements).

Under the facts of this case, the fact that the charge did not contain the exact language used in the indictment to allege a drug-free zone was not a fundamental defect. The indictment put appellant on notice that it was alleged he committed the offense within 1,000 feet of Townsell Elementary School. For the jury to conclude the offense was committed in a drug-free zone, the charge required a finding that appellant committed the offense in, on, or within 1,000 feet of that school. Further, whether appellant committed the offense within 1,000 feet of Townsell Elementary was not a contested issue at trial. Appellant stipulated the location of the offense was within 1,000 feet of real property owned by Townsell Elementary. Because appellant has not shown he was egregiously harmed by any error in the jury charge, we overrule appellant's third point of error.

In his fourth point of error, appellant contends he received ineffective assistance of counsel due to counsel's failure to object to the submission of the drug-free zone special issue. To prevail on a claim of ineffective assistance of counsel, an appellant must prove by a preponderance of the evidence: 1) counsel's performance fell below an objective standard of reasonableness; and 2) a reasonable probability exists that, but for counsel's errors, the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see Andrews v. State*, 159 S.W.3d 98, 101-02 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Judicial review of a claim of ineffective assistance of counsel must be highly deferential to trial counsel and avoid the deleterious effects of hindsight. *Thompson*, 9 S.W.3d at 813. In most cases, a silent record which provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *Ex parte Wilson*, 171 S.W.3d 925, 929 (Tex. App.—Dallas 2005, no pet.).

Appellant has not shown that his counsel's performance fell below an objective standard of reasonableness. The record contains little information about counsel's trial strategy. From statements counsel made during voir dire and closing argument, as well as the stipulations appellant made, it appears counsel's strategy was for appellant to accept responsibility for the offense and to seek lenience in punishment from the trial court based on evidence of appellant's struggles with heroin addiction. As stated previously, there was no real distinction between the allegations in the indictment and the jury charge as applied to the facts of this case. Both required a finding that appellant committed the offense in, on, or within 1,000 feet of Townsell Elementary School. Appellant stipulated the location of the offense was within 1,000 feet of real property owned by Townsell Elementary. We cannot conclude under these facts that counsel's failure to object to the jury charge fell below an objective standard of reasonableness. We overrule appellant's fourth point of error.

## ENGAGING IN ORGANIZED CRIMINAL ACTIVITY

In his fifth and sixth points of error, appellant contends the trial court erred in ordering his sentence for engaging in organized criminal activity to run consecutively to his sentence for possession with intent to deliver. Although its original judgment ordered the sentence to run consecutively without further detail, the court issued a nunc pro tunc judgment to order "that the sentence in this conviction shall run consecutively and shall begin only when the judgment and sentence in [the possession with intent to deliver] case has ceased to operate." Section 481.134 of the health and safety code, entitled "Drug-Free Zones," provides, "Punishment that is increased for a conviction for an offense listed under this section may not run concurrently with punishment for a conviction under any other criminal statute." TEX. HEALTH & SAFETY CODE ANN. § 481.134(h) (West Supp. 2013). Engaging in organized criminal activity is not an offense listed in section 481.134 of the health and safety code. *See id.*; TEX. PENAL CODE ANN. § 71.02

–11–

(West Supp. 2013). Appellant argues that section 481.134 was inapplicable because the drug-free zone finding that triggers it was void, as he argued in point of error one. We have rejected appellant's argument that the drug-free zone finding was void. Accordingly, under section 481.134(h) cumulation was mandatory. *See Ex parte Knight*, 401 S.W.3d 60, 63 (Tex. Crim. App. 2013). We overrule appellant's fifth point of error.

In point six, appellant argues that the consecutive sentence order is void because it provides that his sentence for engaging in organized criminal activity should run consecutively to his possession with intent to deliver sentence. Appellant contends it should have been the other way around, with the drug sentence beginning after the organized crime sentence ended. Appellant cites no authority for this proposition. He maintains the plain meaning of section 481.134 requires the non-drug-free zone sentence to be discharged first. We fail to see how that section, which provides that punishment increased for a conviction for a drug-free zone offense "may not run concurrently with punishment for a conviction under any other criminal statute," plainly requires the non-drug-free zone sentence to be served first. *See id.* at 62-65 (upholding judgment ordering conviction for possession of firearm to begin when sentence for possession of controlled substance is completed). We overrule appellant's sixth point of error.

### DELIVERY OF HEROIN

Appellant's seventh and eighth points of error involve his conviction for delivery of heroin. In point seven, he contends he received ineffective assistance of counsel when his attorney allowed him to plead guilty to the delivery charge. That indictment alleged appellant on or about December 2, 2011, "did unlawfully and knowingly deliver . . . HEROIN, in an amount by aggregate weight, including any adulterants or dilutants, of less than 1 gram to G. WILLIAMS." Appellant signed a written judicial confession stipulating that he committed this offense exactly as charged in the indictment.

–12–

According to appellant, the possession with intent to deliver charge was based on the 11.3 grams of black tar heroin found in the apartment when the search warrant was executed; the engaging in organized criminal activity charge was based on the delivery of 6.1 grams of black tar heroin to Investigator Williams in the apartment; and the delivery of less than one gram of heroin was based on the .38 grams of cheese heroin found wrapped in a dollar bill in appellant's wallet. Appellant thus contends the State would only have been able to prove possession, not delivery, of this cheese heroin, and his attorney was ineffective for allowing him to plead guilty to a delivery charge. Appellant further contends that if the delivery charge did not correspond to the cheese heroin, counsel should have been concerned with a double jeopardy violation. Appellant maintains that the delivery of black tar heroin could not be used for both the delivery charge and the engaging in organized crime charge.

Appellant has not met his burden to show counsel's performance fell below an objective standard of reasonableness. A criminal defendant has the ultimate authority to make certain fundamental decisions regarding his case, including whether to plead guilty. *Turner v. State*, 422 S.W.3d 676, 691 n.24 (Tex. Crim. App. 2013). There is nothing in the record to show what advice defense counsel gave appellant regarding his decision to plead guilty to delivery.

Further, we disagree with appellant's contention that the delivery charge had to be based on the cheese heroin, which was not delivered to the investigator. We note that in his written stipulation of evidence for this offense, appellant agreed that the total weight of the heroin was 6.2 grams. Both the delivery charge and the engaging in organized criminal activity charge could have been based on the delivery of black tar heroin to Investigator Williams without any double jeopardy concerns.[1]

---

[1] The indictment for engaging in organized criminal activity alleged that appellant:

–13–

Where the legislature specifically authorizes cumulative punishment under two statutes, regardless of whether the statutes proscribe the same conduct under the *Blockburger* test, the trial court may impose cumulative punishment under those statutes in a single trial. *Ex parte Chaddock*, 369 S.W.3d 880, 883 (Tex. Crim. App. 2012). Section 71.03 of the penal code provides that it is no defense to prosecution for engaging in organized criminal activity that a person has been charged with, acquitted, or convicted of any offense listed as an underlying offense for purposes of engaging in organized crime. TEX. PENAL CODE ANN. § 71.03(3) (West 2011); *see* TEX. PENAL CODE ANN. § 71.02(a) (West Supp. 2013). In that section, the legislature has manifested its intention that an accused be punished for both the offense of engaging in organized criminal activity and the underlying crime. *Chaddock*, 369 S.W.3d at 883. The court of criminal appeals has held that in the context of multiple punishments deriving from a single prosecution, a defendant charged with engaging in organized criminal activity may also be charged in the same proceeding with the underlying offense and punished for both. *Garza v. State*, 213 S.W.3d 338, 352 (Tex. Crim. App. 2007).

Thus, under the facts of this case, appellant could be punished for delivery of black tar heroin to Williams and punished for engaging in organized criminal activity based on that same delivery. Appellant actually benefitted from pleading guilty to delivery of less than a gram of heroin in a drug-free zone, a third-degree felony, when the undisputed evidence proved he delivered more than four grams, a first-degree felony. He has not shown trial counsel's performance was deficient in connection with his guilty plea. We overrule appellant's seventh point of error.

did unlawfully and knowingly deliver, to-wit: actually transfer, constructively transfer and offer to sell a controlled substance, to-wit, HEROIN, in an amount by aggregate weight, including any adulterants or dilutants, of 4 grams of more, but less than 200 grams to G. WILLIAMS.

And further, the Defendant did then and there commit the aforesaid offense with the intent to establish, maintain and participate in a combination and in the profits of a combination which collaborated in carrying on said criminal activity.

In point eight, appellant asserts the judgment in the delivery case should be reformed to reflect that the degree of the offense was a third-degree felony. The trial court's judgment states that this offense was a "1st Degree Felony." The indictment to which appellant pleaded guilty alleged that he delivered heroin in an amount less than one gram in a drug-free zone. Delivery of heroin under those circumstances is a third-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(b), 481.134(d) (West 2010). The State agrees the judgment should be modified. This Court has the power to correct and reform the judgment of the trial court to make the record speak the truth when we have the necessary information to do so. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we modify the judgment in the delivery case to reflect that the degree of the offense is a third-degree felony. We sustain appellant's eighth point of error.

## COURT COSTS

In his ninth, tenth, eleventh, and twelfth points of error, appellant contends there is no evidence in the records to support the trial court's order that he pay court costs in each case. The judgments in the possession, delivery, and possession with intent to deliver cases assess court costs of $304. The judgment in the engaging in organized criminal activity case assesses court costs of $254. Appellant requests that we reform the judgments to delete these costs because the clerk's records do not contain a bill of costs. Because the records did not contain cost bills, we ordered the Dallas County District Clerk to file supplemental records containing a detailed itemization of the costs assessed in these cases in accordance with the code of criminal procedure. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant item has been omitted); *Johnson v. State*, 423 S.W.3d 385, 392 (Tex. Crim. App. 2014). The Dallas County District Clerk did so. *See* TEX. CODE CRIM. PROC. ANN. arts. 103.001, 103.006 (West 2006). Because the records now contain cost bills supporting the

–15–

assessment of costs in these cases, appellant's complaint that the evidence is insufficient is moot. *See Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). Accordingly, we overrule appellant's ninth, tenth, eleventh, and twelfth points of error.

In conclusion, we modify the judgment in the delivery of heroin case to reflect that the degree of the offense was a third-degree felony. As modified, we affirm the trial court's judgment. In the other three cases, we affirm the trial court's judgments.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130488F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LUIS ALFREDO JUAREZ, Appellant

No. 05-13-00488-CR　　V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas
Trial Court Cause No. F-1035332-I.
Opinion delivered by Justice Brown.
Justices Lang and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 11th day of July, 2014.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

LUIS ALFREDO JUAREZ, Appellant

No. 05-13-00489-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas
Trial Court Cause No. F-1135928-I.
Opinion delivered by Justice Brown.
Justices Lang and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Where the judgment reflects the "Degree of Offense," we **DELETE** the words "1ST DEGREE FELONY" and replace them with the words "3RD DEGREE FELONY."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 11th day of July, 2014.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LUIS ALFREDO JUAREZ, Appellant

No. 05-13-00490-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas
Trial Court Cause No. F-1135929-I.
Opinion delivered by Justice Brown.
Justices Lang and Myers participating.

      Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 11th day of July, 2014.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LUIS ALFREDO JUAREZ, Appellant

No. 05-13-00505-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas
Trial Court Cause No. F-1135930-I.
Opinion delivered by Justice Brown.
Justices Lang and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 11th day of July, 2014.