**Opinion issued November 21, 2017**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00982-CR

————————————

**PATRICK HENDERSON COOPER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case No. 1450541**

---

## MEMORANDUM OPINION

Appellant, Patrick Henderson Cooper, was indicted for and convicted of two

offenses—possession with intent to deliver a controlled substance[1] and engaging in

---

[1]     Trial Court Case No. 1450541, Appeal No. 01-16-00982-CR ("the present appeal").

organized criminal activity.[2] Appellant pleaded guilty to both offenses, and the trial court assessed punishment at 30 years' confinement on each, to run concurrently. In his sole issue on appeal, appellant contends that he cannot be punished for multiple offenses involving the same act, and that his possession conviction should be reversed on double jeopardy grounds. We affirm.

## BACKGROUND

*Factual Background*

The closing arguments made at the sentencing hearing indicate that appellant, Patrick Henderson Cooper, and his co-defendants agreed to participate in an armed robbery. Specifically, during a meeting at a Chile's restaurant, appellant and the co-defendants agreed to steal cocaine from a warehouse so that they could sell and distribute the drugs themselves. On December 4, 2014, appellant and co-defendants robbed men at the warehouse, who were actually undercover police officers, taking a large quantity of cocaine. Appellant was armed during the robbery. Appellant and his co-defendants were arrested for the stated offenses that same day.

*Procedural Background*

In December 2014, appellant was indicted for possession with intent to deliver a controlled substance in cause number 1450541. In cause number

---

[2]    Trial Court Case No. 1489378, Appeal No. 01-16-00983-CR ("the related *Anders* appeal").

1489378, appellant was indicted for engaging in organized criminal activity. The indictments included enhancement paragraphs alleging use of a deadly weapon in the commission of the offense and a prior felony conviction. Appellant pleaded guilty and confessed that the enhancement paragraphs were true on May 20, 2016. The punishment range was 25 years to life in prison, and the trial court sentenced appellant to 30 years' confinement for each charge. Appellant filed timely notices of appeal. Appellant's counsel filed an *Anders* brief[3] in the organized-crime case, and this Court affirmed appellant's conviction in that case. *See Cooper v. State*, No. 01-16-00783-CR (Tex. App.—Houston [1st Dist.] Sept. 21, 2017, no pet. h.). In this case—the possession case—appellant contends that his "right to be free from multiple punishments for the same act was violated."

## DOUBLE JEOPARDY

*Standard of Review*

The Fifth Amendment's Double Jeopardy Clause, enforceable against the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Double Jeopardy Clause protects an accused against multiple prosecutions for the same offense and multiple punishments for the same

---

[3] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

offense. *Brown v. Ohio*, 432 U.S. 161, 165, (1977); *Ex parte Chaddock*, 369 S.W.3d 880, 882 (Tex. Crim. App. 2012).

The *Blockburger* same-elements test provides that "[w]hether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, (1932). "Application of *Blockburger* does not serve, however, to negate otherwise clearly expressed legislative intent." *Villanueva v. State*, 227 S.W.3d 744, 747 (Tex. Crim. App. 2007). In *Missouri v. Hunter*, the Supreme Court made clear that "[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." 459 U.S. 359, 366 (1983). "Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger* . . . the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Id*. at 368–369.

*Analysis*

Appellant was convicted of engaging in organized criminal activity with the underlying charge of aggravated robbery. Appellant was also convicted of possession with intent to deliver a controlled substance. Appellant's sole argument

on appeal is based on the mistaken assumption that that the possession of cocaine was the underlying act of the engaging-in-organized-criminal-activity charge, and that, as a result, appellant is being tried and convicted twice for possessing the same cocaine. Appellant is mistaken; the underlying offense for the engaging-in-organized-criminal-activity conviction was actually armed robbery, not possession of cocaine.[4]

Here, the engaging-in-organized-criminal-activity charge requires proof of a robbery; the possession of cocaine charge does not. The possession case requires an intent to deliver cocaine; the engaging in organized criminal activity does not. Thus, appellant's argument fails under *Blockburger*, which requires us to determine "whether each [charged offense] requires proof of a fact which the other does not." 284 U.S. at 304.

Accordingly, we overrule appellant's sole issue.

---

[4]    The indictment for engaging in organized criminal activity alleged that:

> . . . PATRICK HENDERSON COOPER, hereafter styled the Defendant heretofore, on or about December 4, 2014, did then and there unlawfully, with intent to establish, maintain and participate in a combination and in the profits of a combination . . . ***conspire to commit the offense of aggravated robbery***, namely, in that he did unlawfully and the defendants did then and there agree with members of the aforesaid combination to engage in conduct constituting said offense, and pursuant to such agreement the defendants performed the following overt acts, to-wit: arrive to 21145 FM 526, Katy, Harris County, Texas with a deadly weapon and remove kilograms of cocaine from a building.

(Emphasis added.)

## CONCLUSION

We affirm the trial court's judgment.


                                        Sherry Radack
                                        Chief Justice

Panel consists of Chief Justice Radack and Justices Keyes and Caughey.

Do not publish. TEX. R. APP. P. 47.2(b).