

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,604-02

### EX PARTE TEVARES TIMMONS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 114-80390-99-A IN THE 114TH DISTRICT COURT
### FROM SMITH COUNTY

*Per curiam. Yeary, J., filed a dissenting opinion joined by Keller, P.J.*

## O P I N I O N

Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07. It concerns Applicant's conviction for aggravated robbery.

The State, in 1999, charged Applicant with three offenses: engaging in organized criminal activity; possession of 50 to 2000 pounds of marihuana; and aggravated robbery. A jury convicted him of engaging in organized criminal activity and assessed a 35-year sentence. Two months later, Applicant pled guilty without plea agreements to the aggravated robbery and marihuana possession charges, and the trial court imposed two 45-year sentences. All the sentences are running concurrently. Applicant did not appeal.

In habeas, Applicant contends his conviction for aggravated robbery is barred by double jeopardy, so he is actually innocent of the offense, and he argues his guilty plea was not voluntary due to trial counsel's failure to realize this fact. Applicant is correct regarding double jeopardy as to the aggravated robbery conviction, and the State concedes the aggravated robbery conviction should be vacated. *See Ex parte Chaddock*, 369 S.W.3d 880 (Tex. Crim. App. 2012) (double jeopardy prevented prosecution for aggravated assault because the defendant was convicted of engaging in organized criminal activity with the same aggravated assault as the predicate offense). This Court's independent review of the record shows that Applicant involuntarily pled guilty to aggravated robbery because the prosecution was barred by double jeopardy. Applicant, however, is not actually innocent of the offense. Indeed, the jury found that Applicant committed the offense when it found him guilty of engaging in organized criminal activity in which the aggravated robbery was the predicate offense.

Relief is granted. The judgment for aggravated robbery in cause number 114-80390-99 in the 114th District Court of Smith County is vacated. The trial court shall issue any necessary orders within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered:     September 22, 2021
Do not publish